UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA D. DOWLING, | |
| Plaintiff, | |
| -against- | |
| CAPEHART SCATCHARD, | |
| Defendant. | |

26-CV-4239 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action arising out of her workers' compensation claim in Hackensack, New Jersey. Plaintiff names Capehart Scatchard, counsel for the opposing party, as Defendant. For the following reasons, the Court transfers this action under 28 U.S.C. § 1404 to the United States District Court for the District of New Jersey.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of the Defendant; she only asserts that her workers' compensation claim was being heard in Hackensack, New Jersey. (ECF 1 at 2.) Her complaint,

styled as a petition, alleges that her counsel, Brandon J. Broderick, moved to be relieved as her counsel and that she vehemently opposes that motion. (*Id.*) Plaintiff makes no other allegations against Defendant other than that Defendant represented the opposing party. (*Id.*) Because Plaintiff does not allege where Defendant resides, the Court cannot discern whether this District or the District of New Jersey is a proper venue under Section 1391(b)(1). Even if the Court were to assume that Defendant resides in this District, making venue proper here under Section 1391(b)(1), venue would also be proper in the District of New Jersey under Section 1391(b)(2) because the events on which Plaintiff bases her claims occurred in Hackensack, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110 ("New Jersey constitutes one judicial district").

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

2

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Hackensack, New Jersey, and it is reasonable to expect that all relevant documents and witnesses also would be in or around Hackensack, New Jersey. The complaint itself suggests that the events giving rise to her claim occurred in the District of New Jersey and therefore, that district appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 1, 2026
          New York, New York

                                 /s/Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                        Chief United States District Judge